NOT FOR PUBLICATION (Doc. Nos. 22, 26)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
STEPHEN ELLSWORTH,                  :
                                    :
        Plaintiff,                  :
                                    :   Civil No. 09-2548 (RBK/KMW)
    v.                              :
                                    :   **OPINION**
HARLEYSVILLE LIFE INSURANCE CO.,    :
ET AL.                              :
                                    :
        Defendants.                 :
_____

**KUGLER**, United States District Judge:

Stephen Ellsworth ("Plaintiff") brings this matter against Harleysville Life Insurance Co. ("Harleysville") and Pechter's Baking Group, LLC ("Pechter's"), seeking payment of long term disability benefits under an insurance policy administered by Harleysville ("the Policy") and claiming violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq. Plaintiff and Harleysville now cross-move for summary judgment. As explained below, the Court hereby denies both cross-motions for summary judgment and remands this matter to the ERISA Plan Administrator.

   **I.  BACKGROUND**

Plaintiff was previously employed by Pechter's as a Delivery Sales Driver beginning on June 30, 2003. Def's Statement of Undisputed Material Facts ("SUF") ¶ 8. Plaintiff first became eligible for Pechter's Long Term Disability Income Benefits ("LTD benefits") insurance plan on August 1, 2003. Id. Plaintiff submitted to Harleysville a claim for LTD benefits

1

subsequent to Plaintiff's last day of work for Pechter's was on August 16, 2003.  Id.  In his original application for LTD benefits, Plaintiff claimed total disability due to, inter alia, stroke, cervical spondylosis, and osteoarthritis.  Id.

On February 14, 2004, Harleysville provided Plaintiff with a letter stating that Plaintiff was eligible to receive $1,690 per month in LTD benefits, based on a calculation of Plaintiff's monthly rate of basic earnings of $2,816.67.  Id. ¶ 10.  As a condition of receiving continuing LTD benefits, Plaintiff's LTD benefit insurance policy required Plaintiff to periodically provide evidence confirming that Plaintiff remained disabled.  Pursuant to the policy, Harleysville continued to pay Plaintiff's monthly LTD benefits of $1,690 per month until November 10, 2005, at which time Harleysville terminated Plaintiff's LTD benefit for failure to provide necessary medical information evidencing that Plaintiff continued to be disabled.

Plaintiff subsequently provided Harleysville with additional documentation evidencing Plaintiff's continuing disability, along with a letter from the Social Security Administration stating that Plaintiff would receive $826 per month in disability benefits.  Id. ¶ 13.  On May 24, 2006, Harleysville notified Plaintiff that his LTD benefits were reinstated.  Id.

However, by October 11, 2007, Harleysville again discontinued Plaintiff's LTD benefits because Plaintiff had allegedly failed to respond to several letters from Harleysville requesting continuing proof of disability, as well as information necessary to calculate the amount of social security offset to Plaintiff's LTD benefits under Harleysville's policy.  Id. ¶ 17.  Ellsworth appealed this denial of benefits, arguing that he had provided proof of his disability in 2003 and that because Plaintiff was permanently disabled, he did not have to provide proof of continuing disability.  Id. ¶ 18.  On January 31, 2008, Harleysville upheld on appeal the denial of Plaintiff's LTD benefits based on Plaintiff's failure to provide a majority of the medical information

2

requested. Id. ¶ 19; Def's Ex. S, Letter from Harleysville to Plaintiff dated January 31, 2008 ("There are no medical records on file to document ongoing treatment or provide medical support for ongoing functional limitations. . . . The most recent documentation on file in the form of actual treatment was an office visit note which dates back to September 2006. Without more recent medical records from treating providers, documenting ongoing treatment and related objective findings, ongoing functional limitations cannot be adequately evaluated.").

On April 20, 2009, Plaintiff filed the Complaint in the instant case in the Superior Court of New Jersey, requesting reinstatement of LTD benefits, payment for past due benefits, and an upward correction of Plaintiff's LTD benefits. On May 27, 2009, Harleysville removed the matter to this Court and cross-claimed for overpayment of LTD benefits paid to Plaintiff while Plaintiff was simultaneously receiving Social Security Disability benefits. This Court maintains subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The parties have filed their briefs, and the matter is ripe for review.

## II. LEGAL STANDARD

### A. Standard for Summary Judgment

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, the Court is not to make credibility determinations regarding witness testimony. Sunoco, Inc. v. MX Wholesale Fuel Corp., 565 F. Supp. 2d 572,

575 (D.N.J. 2008). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

However, to defeat a motion for summary judgment, the nonmoving party must present competent evidence that would be admissible at trial. See Stelwagon Mfg. Co. v. Tarmac Roofing Sys., 63 F.3d 1267, 1275 n.17 (3d Cir. 1995). The nonmoving party "may not rest upon the mere allegations or denials of" its pleadings and must present more than just "bare assertions [or] conclusory allegations or suspicions" to establish the existence of a genuine issue of material fact. Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (citation omitted); see Fed. R. Civ. P. 56(e). "A party's failure to make a showing that is 'sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' mandates the entry of summary judgment." Watson v. Eastman Kodak Co., 235 F.3d 851, 857-58 (3d Cir. 2000) (quoting Celotex Corp., 477 U.S. at 322).

### B. DISCUSSION

Harleysville moves for summary judgment dismissing Plaintiff's Complaint because 1) the ERISA Administrator's decision to terminate Plaintiff's benefit was proper, since Plaintiff failed to provide necessary medical documentation of Plaintiff's continuing disability, as required by the Policy; and 2) the applicable statute of limitations has run. Harleysville also moves for summary judgment as to Harleysville's counterclaim for overpayment of benefits. Plaintiff cross-moves for summary judgment as to Harleysville's liability for falsely terminating Plaintiff's LTD benefits and requests 1) reinstatement of Plaintiff's LTD benefits; 2) upward revision of Plaintiff's LTD benefit payment based on Plaintiff's correct gross monthly income; and 3) dismissal of Harleysville's counterclaim. For the following reasons, the Court denies both

cross-motions for summary judgment, and remands this matter to the ERISA Plan Administrator for further proceedings consistent with this Opinion.

### A. Plaintiff's ERISA Claim under § 502(a)(1)(B)

Count I of the Second Amended Complaint asserts a claim for "breach of contract" under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B). Plaintiff alleges that Harleysville breached its contractual duties under ERISA by 1) calculating Plaintiff's LTD benefits at a lower amount than that to which Plaintiff was entitled; and 2) falsely terminating Plaintiff's LTD benefits. Am. Compl. ¶ 17.

"ERISA is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." Shaw v. Delta Air Lines, 463 U.S. 85, 90 (1983). "An 'employee welfare benefit plan' includes any program that provides benefits for contingencies such as illness, accident, disability, death, or unemployment." Id. at 91 n.5 (citing 29 U.S.C. § 1002(1)). ERISA does not mandate that employers provide any particular benefits, but it "sets various uniform standards, including rules concerning reporting, disclosure, and fiduciary responsibility for" employee benefit plans. Shaw, 463 U.S. at 91 (citing 29 U.S.C. §§ 1021-31, 1101-14).

In order to facilitate those objectives, § 502(a)(1)(B) creates a civil cause of action for a plan participant "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). A claim under § 502(a)(1)(B) generally involves a suit by a plan beneficiary against the plan administrator for failure to properly administer the plan. See, e.g., Zebrowski v. Evonik Degussa Corp. Admin. Comm., No. 10-542, 2011 U.S. Dist. LEXIS 18596 (E.D. Pa. Feb. 23, 2011). To assert a claim under § 502(a)(1)(B), a plaintiff must demonstrate

5

that "he or she [has] a right to benefits that is legally enforceable against the plan" and that the plan administrator improperly denied him or her those benefits. Hooven v. Exxon Mobil Corp., 465 F.3d 566, 574 (3d Cir. 2006).

The parties do not dispute that the Harleysville Policy is an "employee welfare benefit plan" governed by ERISA. See 29 U. S. C. § 1002(1) (defining "employee welfare benefit plan"). Instead, Harleysville argues that it is entitled to summary judgment because its decision to terminate Plaintiff's LTD benefits was proper because Plaintiff failed to provide at the relevant times the medical documentation that Harleysville needed to evaluate Plaintiff's LTD benefits claim. Def. br. at 6-7. Plaintiff disputes this assertion, arguing that Plaintiff provided all required documentation and that Harleysville had confirmed in writing to Plaintiff that Harleysville was in receipt of the necessary documentation. Pl. br. at 1-2.

**1. Standard of Review**

The standard of review for an ERISA determination is determined by the ERISA plan at issue. Where an ERISA plan does not specify a standard of review, it is to be reviewed under a de novo standard. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). "In [Firestone], the Supreme Court held that, when analyzing a challenge to a denial of benefits in these actions, a court must review the plan administrator's decision under a de novo standard of review unless the plan grants discretionary authority to the administrator to determine eligibility for benefits or interpret terms under the plan." Saltzman v. Independence Blue Cross, 384 F. App'x. 107, 111 (3d Cir. 2010) (citing Firestone, 489 U.S. at 109). Thus, the Third Circuit has held that the appropriate standard of review depends on the discretion granted to the administrator under the terms of the ERISA-governed plan. Mitchell v. Eastman Kodak Co., 113 F.3d 433, 438 (3d Cir. 1997), abrogated on other grounds as stated in Miller v. Am. Airlines,

6

Inc., No. 10-1784, 2011 U.S. App. LEXIS 1462, at *19-20 (3d Cir. Jan. 25, 2011) (citing Firestone, 489 U.S. at 109).  If the plan grants the administrator discretion "to construe the terms of the plan," the court "applies an arbitrary and capricious standard of review" regarding interpretation of the plan.  Saltzman, 384 F. App'x. at 111 (citing Gritzer v. CBS, Inc., 275 F.3d 291, 295 (3d Cir. 2002)).  Similarly, if the plan grants the administrator "the discretion to act as a finder of facts," then the court will also apply the arbitrary and capricious standard of review to factual determinations.  Mitchell, 113 F.3d at 438; see Anderson v. Bakery & Confectionery Union & Indus. Int'l Pension Fund, 654 F. Supp. 2d 267, 279 (E.D. Pa. 2009) (finding that factual determinations were subject to arbitrary and capricious standard of review).

In the instant matter, both Plaintiff and Harleysville argue that a de novo standard of review properly applies to the ERISA administrator's determination in the instant matter.  Since the Harleysville Policy does not specify a standard of review, the Court agrees that the de novo standard applies.

**2. Whether Plaintiff Provided the Necessary Medical Documentation to Harleysville**

Plaintiff and Harleysville dispute whether Plaintiff provided the necessary medical documentation to Harleysville during the relevant period in which Harleysville was reviewing Plaintiff's LTD benefits determination.  Harleysville cites to several letters in which Harleysville notified Plaintiff that Plaintiff had failed to provide an unaltered Social Security authorization form (LaPlant Aff. ¶¶ 16-22; Def.'s Ex. H-S).  Harleysville also refers to an October 11, 2007, letter in which Harleysville informed Plaintiff that,

> "[T]he following information, not previously submitted, is necessary for a determination of your claim.  Specifically, a Claimant Questionnaire form, which includes a list of your treating physicians, an Attending Physicians Statement, a

7

> Physical Capacity Evaluation form, completed by your treating physicians and medical records regarding your condition from January 1, 2007 through the present."

LaPlant Aff., Ex. Q.

Plaintiff counters that he had in fact submitted all of the necessary medical documentation, citing to a January 16, 2008 letter from Harleysville advising Plaintiff that Harleysville had "received the completed Attending Physician's Statement of Continued Disability and the completed Physical Capacities Evaluation Form you provided." Pl. br. at 12-15; Pl. Ex. B. Harleysville argues in turn that the January 16, 2008 letter was not an admission that Plaintiff had provided all of the documentation requested, but rather that the "correspondence acknowledges what was submitted, and advises [Plaintiff] that his claim file would be returned to the claim office for further handling." Def.'s reply br. at 6. Harleysville also cites to a January 31, 2008, letter, which stated that Plaintiff's Attending Physician's Statement was incomplete. LaPlant Aff., Ex. S ("There are no medical records on file to document ongoing treatment or provide medical support for ongoing functional limitations. . . . Without more recent records from treating providers, documenting ongoing treatment and related objective findings, ongoing functional limitations cannot be adequately evaluation.").

Plaintiff responds that he in fact provided the following medical information and authorization to Harleysville in satisfaction of his duty to provide necessary medical information: 1) an unaltered authorization for the release of medical records executed on February 1, 2007 (Ellsworth Afft., ¶¶ 2-4, Pl. Ex. D); 2) contact information for Plaintiff's other treating specialist (Def.'s Ex. P; Pl. Ex. J); 3) a second unaltered authorization for medical records dated February 1, 2007 (Pl. Suppl. Ex. C). The Court finds that Plaintiff's citations to authenticated and verified documents in the record that relate to medical documentation of Plaintiff's continuing disability

8

raise a genuine issue of material fact that may not be resolved on a motion for summary judgment.

### 3. Whether Harleysville Properly Calculated Plaintiff's Gross Monthly Benefit

Harleysville next moves for summary judgment as to the question of whether Harleysville properly calculated Plaintiff's gross monthly LTD benefit. The parties do not dispute that Plaintiff was paid by Pechter's at a rate of $130.00 per day. The principal dispute is with regard to whether Plaintiff should be paid for five days a week, or six days a week.

Harleysville argues that Plaintiff's Basic Earnings were $650.00 per week, for 5 days of pay, as confirmed by Plaintiff's former employer, Pechter's. Def.'s br. at 8. Harleysville cites to an Earning Statement provided by Pechter's in which Plaintiff's salary is listed as $650.00 for the two weeks from July 4, 2003 to July 16, 2003. Pl. Ex. 8. Harleysville also notes that the term "Basic Earnings," the relevant metric for calculating Plaintiff's LTD benefits, is defined in the Policy as follows: "The term Basic Earnings means the Employee's rate of pay reported by the Employer. It does not include overtime, bonus, additional compensation or pay for more than 40 hours in a week." Def.'s SUF ¶ 3.

Plaintiff counters that he was hired to work as a delivery driver, and as such, he was paid on a daily, not an hourly, rate. Pl. reply br. at 9. Plaintiff further cites to Defendant's communication with Pechter's on November 12, 2004, in which a Harleysville representative documented that Plaintiff's supervisor at Pechter's stated that Plaintiff was hired to work six days per week, and that the sixth day was not considered overtime, bonus, or additional compensation. Pl. Ex. F. The Harleysville representative further documented that Pechter's stated that Plaintiff was not "paid based on hours, but rather by the day." Id. Plaintiff also notes

9

that the Earnings Statement provided by Pechter's to Harleysville demonstrates that Plaintiff was paid $780 per week for several weeks after July 16, 2003.  Pl. Ex. 8.

The Court finds that Plaintiff has raised a genuine issue of material fact regarding whether Plaintiff was paid by the day, or was instead an hourly employee.  If Plaintiff is able to demonstrate that his pay for the sixth day each week is not bonus or overtime payment, then the language of the Policy defining "Basic Earnings" does not preclude such payment for the sixth day of payment to be included in a calculation of Plaintiff's LTD benefits.  Accordingly, Harleysville's motion for summary judgment as to Plaintiff's claim for an increased LTD benefit is denied.

### 4.   Whether Plaintiff's Claims are Barred by the Applicable Period of Limitations

Harleysville next asserts that Plaintiff's claims are barred by the applicable period of limitations.  Harleysville argues that the applicable period of limitations in the instant matter is three years, as clearly set forth in the Policy.  LaPlant Aff., ¶ 10 (language in the Policy providing that "[n]o action at law or in equity will be brought at all unless brought within three years after the time within which proof of loss is required by the policy.").  Plaintiff counters that the instant action was timely brought because the plain language of the Policy provides that the applicable period of limitations is six years, not three.  Pl. reply br. at 12-13.

The Policy provides the following qualification with regard to the period of limitations:

> Time Limitations – If any time limit set forth in the policy for giving notice of claim or proof of loss, or for bringing any action at law or equity is less than that permitted by the law of the state in which the Employee lives when the policy is issued, then the time limit provided in the policy is extended to agree with the minimum permitted by law of that state.

Pl. Suppl. Ex. E, AR 990.  Plaintiff is a citizen of New Jersey.  Am. Compl. ¶ 1.  The Court notes that the New Jersey statute of limitations for contractual disputes is six years.

N.J. Stat. Ann. § 2A:14-1.  Therefore, based on the express language set forth in the Policy, the applicable period of limitations is six years.  Harleysville's first communication to Plaintiff that advised Plaintiff of his eligible LTD benefits amount was a letter dated February 14, 2004.  Since Plaintiff filed the instant action on April 20, 2009, or five years and two months from the date of the first relevant communication from Harleysville, the Court finds that Plaintiff brought the action within the applicable period of limitations.  Therefore, Harleysville's motion for summary judgment must be denied.

### 5. Remand

Harleysville requests that in the event that summary judgment is denied, that this Court remand the matter to the ERISA Administrator, with an order that Plaintiff be required to provide the medical documentation necessary for Harleysville to properly render a claim determination.  Def. br. at 10-11.  District courts may not substitute their judgment for that of ERISA Plan Administrators when reviewing the administrative record.  Quinn v. Blue Cross and Blue Shield, 161 F.3d 472, 477-478 (7th Cir. 1998); see Harrow v. Prudential Insurance Co., 279 F.3d 244 (3d Cir. 2002) (holding that plaintiffs must exhaust administrative remedies prior to appealing an ERISA Plan Administrator's decision, unless exhaustion would be futile).  Instead, where, as here, the record appears to lack sufficient evidentiary support, the proper remedy is to remand the case to the Plan Administrator to conduct a more thorough inquiry.  See Buffonge v. Prudential Insurance Company, 426 F.3d 20 (1st Cir. 2005); Caldwell v. Life Insurance Company of North America, 287 F.3d 1265, 1288-1289 (10th Cir. 2002).

Accordingly, this matter will be remanded to the claim administrator, with instructions to Plaintiff to provide the necessary documentation and authorizations necessary to evaluate his claim.  Harleysville's motion for summary judgment is denied without prejudice to move again

11

for dismissal in the event that Plaintiff fails to provide the necessary medical documentation. The claim administrator is instructed to determine 1) whether Plaintiff has been and is disabled under the meaning of the Policy; 2) whether Plaintiff's LTD benefits should be reinstated; 3) whether Plaintiff should receive payment, with interest, of any LTD benefits that may be past due; 4) the correct amount of Plaintiff's LTD gross monthly benefit, if Plaintiff is indeed eligible; and 5) the amount of any past overpayment, if any, that has been made to Plaintiff under the Policy.

### B. Harleysville's ERISA Counterclaim Under § 502(a)(3)

Harleysville asserts a counterclaim for reimbursement of overpayment of LTD benefits pursuant to ERISA § 502(a)(3). Under ERISA § 502(a)(3), a fiduciary of an ERISA-governed plan can sue: "(A) to enjoin any act or practice which violates any provision of [ERISA] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan." 29 U.S.C. § 1132(a)(3). Harleysville argues that Section 502(a)(3) allows for a fiduciary to enforce the terms of a plan seeking reimbursement of social security benefits received by a plan participant. Def. br. at 17-18 (citing, inter alia, Sereboff v. Mid Atlantic Medical Services, Inc., 547 U.S. 356, 363 (2006)).

Plaintiff counters that Harleysville's counterclaim for overpayment should be dismissed because it is time barred by the applicable statute of limitations. Specifically, Plaintiff argues that he notified Harleysville of Plaintiff's receipt of social security disability benefits as early as February 21, 2006, and that Harleysville did not file its counterclaim for overpayment until July 16, 2009. Pl. br. at 22. However, because as discussed above, the applicable statute of limitations under the Policy is six years, Harleysville's counterclaim was filed within the

12

applicable statute of limitations.  Therefore, Plaintiff's motion for summary judgment as to Harleysville's counterclaim is denied.

## IV. CONCLUSION

For the reasons detailed above, the Court denies Plaintiff's and Harleysville's cross-motions for summary judgment.  This matter will be remanded to the ERISA Plan Administrator for further proceedings not inconsistent with this Opinion.  An appropriate order shall enter today.


Dated:  1/26/2011                                  /s/ Robert B. Kugler
                                                                          ROBERT B. KUGLER
                                                                          United States District Judge